**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12763

Non-Argument Calendar

————————————

RENELL JONES,

*Petitioner-Appellant,*

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-21478-RNS

————————————

Before NEWSOM, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Renell Jones, a Florida prisoner serving a life sentence for first-degree felony murder and burglary, as well as sentences for robbery and conspiracy to commit robbery, appeals the

district court's denial of his 28 U.S.C. § 2254 petition. Jones argues that the Miami-Dade Circuit Court and Florida's Third District Court of Appeal unreasonably determined that he waived his *Miranda*[1] rights. Jones contends that the State Circuit Court should have excluded evidence from his interrogation because the police officer who gave him a *Miranda* form, Detective Grossman, told him that the form was a literacy test. Jones also argues that the State Circuit Court and the Third District Court of Appeal unreasonably found that he equivocally invoked his right to counsel. Thus, Jones argues that the district court erred by giving deference to the state courts' opinions and by denying him habeas relief. After reviewing the record and reading the parties' briefs, we affirm the district court's order denying his §2254 petition.

## I.

We review a district court's denial of a writ of habeas corpus de novo, but we review a state court's decision with deference. *Sears v. Warden GDCP*, 73 F.4th 1269, 1279 (11th Cir. 2023). A federal court may grant a habeas petition from a state prisoner only if the state court's decision either (1) contradicted or unreasonably applied clearly established federal law, as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts considering the evidence the parties presented to the state court. *Id.* (citing 28 U.S.C. § 2254(d)).

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

When the last state court to review a petitioner's federal claim offers reasoning for denying the claim, federal courts consider that reasoning and review the state court's decision with deference. *Wilson v. Sellers*, 584 U.S. 122, 125, 138 S. Ct. 1188, 1192 (2018). When the last state court to review the petitioner's federal claim does not offer reasoning for its decision, federal courts must "look through" that state court's decision and consider the rationale a lower state court offered for denying the claim, presuming that the higher state court adopted the same reasoning. *Id.* In either case, federal courts must uphold the state court's decision if its rationale was "reasonable." *Id.*

## II.

*Miranda* prohibits the government from using statements that a suspect made during a custodial interrogation at trial unless the government demonstrates that the defendant knowingly and voluntarily waived his rights before speaking with law enforcement. *Miranda v. Arizona*, 384 U.S. at 444, 86 S. Ct. at 1612. The government bears the burden of establishing that a suspect waived his rights by a preponderance of the evidence. *Berghuis v. Thomkins*, 560 U.S. 370, 383-84, 130 S. Ct. 2250, 2261 (2010). Courts determine whether a suspect waived his rights by considering the totality of the circumstances surrounding the interrogation. *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141 (1986). The totality of the circumstances surrounding the interrogation includes the details of the interrogation and the suspect's characteristics, one of which is his level of education. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S. Ct. 2041, 2047 (1973).

A suspect knowingly waives his *Miranda* rights if he understands the nature of his rights and the consequences of abandoning them. *Berghuis*, 560 U.S. at 382-83, 130 S. Ct. at 2260. A suspect voluntarily waives his rights if he freely chooses to do so and is not intimidated, coerced, or deceived into the waiver. *Id.* Police deception only renders a suspect's statement involuntary when (1) the deception took the form of a coercive threat or (2) the deception pertained to the nature of the suspect's rights and the consequences of waiving them. *United States v. Farley*, 607 F.3d 1294, 1328-29 (11th Cir. 2010) (citations omitted).

When police misrepresent a suspect's rights, the misrepresentation renders the suspect's statement involuntary only if the misrepresentation deceived the suspect about his rights or it interfered with the suspect's "ability to understand the nature of his rights and consequences of abandoning them." *See Moran*, 475 U.S. at 421, 423-24, 106 S. Ct. at 1141, 1142 (explaining that a valid *Miranda* rights waiver cannot be the "product" of deception that "deprives" a suspect of knowledge he needs to understand his rights); *see also Farley*, 607 F.3d at 1330 (concluding that a suspect was not deceived about the nature of his rights or the consequences of abandoning them because no evidence indicated that the suspect was "unsure of his rights or needed them clarified"). A suspect can voluntarily waive his right to remain silent by reading his *Miranda* rights and then answering law enforcement officers' questions. *See Berghuis*, 560 U.S. at 385-86, 130 S. Ct. at 2262 (holding that a de-

fendant who read his *Miranda* rights aloud and answered police officers' questions after remaining silent for two hours voluntarily waived his right to remain silent).

Here, as an initial matter, we "look through" to the State Circuit Court's rationale for finding that Jones validly waived his *Miranda* rights because the Third District Court of Appeal of Florida did not offer a rationale for its decision. *See Wilson*, 584 U.S. at 125, 138 S. Ct. at 1192.

Based on the record, we conclude that the State Circuit Court reasonably found that Jones knowingly and voluntarily waived his *Miranda* rights. The record shows that at the start of the interrogation, Detective Grossman asked Jones if he was familiar with *Miranda* rights, and Jones responded that he was because he had been arrested before. Detective Grossman asked Jones to read the *Miranda* form, which he did out loud, and marked his initials after each question. After Jones read and signed the form, he voluntarily answered Detective Grossman's questions.

Jones presents no evidence that Detective Grossman intimidated, coerced, or deceived Jones into signing the form. The record indicates that the detective's statement that he wanted to know if Jones could read so he gave Jones the *Miranda* form, standing alone, does not demonstrate deception. This is not evidence that the alleged deception rendered Jones unsure of his rights. *See Farley*, 607 F.3d at 1330. Rather, the record reflects further comments and questions that Jones conveyed to the detectives that show he understood his rights. *See Moran*, 475 U.S. at 421, 423-24, 106 S. Ct.

at 1141, 1142. Thus, we agree with the district court's conclusion that the State Circuit Court's determination that Jones knowingly and voluntarily waived his Miranda rights was reasonable. As such, the district court properly denied Jones habeas relief on this claim. *See Moran*, 475 U.S. at 421, 423-24, 106 S. Ct. at 1141; *See Berghuis*, 560 U.S. at 385-86, 130 S. Ct. at 2262; *Wilson*, 584 U.S. at 125, 138 S. Ct. at 1192.

### III.

A suspect who has validly waived his *Miranda* rights can still invoke his right to counsel if he does so unequivocally. *Miranda*, 384 U.S. at 473-74, 86 S. Ct. at 1627-28; *Davis v. United States*, 512 U.S. 452, 458-59, 114 S. Ct. 2350, 2354-55 (1994). Once a suspect invokes his right to counsel, police must stop questioning the suspect. *Berghuis*, 560 U.S. at 388, 130 S. Ct. 2263-64. If, however, a suspect only invokes his right to counsel equivocally, the police may continue questioning him. *Davis*, 512 U.S. at 459, 114 S. Ct. at 2355. A suspect unequivocally invokes his right to counsel when he makes a statement that a reasonable police officer would understand as unambiguously expressing a desire for an attorney's assistance. *Id.* at 458-59, 114 S. Ct. at 2355.

Relying on *Cannady*, Jones contends that when he stated "[I]f you're telling me somebody [died], I think I need to get an attorney" during the interrogation, that he was clearly invoking his right to counsel. *Cannady v. Dugger*, 931 F.2d 752 (11th Cir. 1991). In *Cannady*, we addressed whether a suspect's statement unequivocally invoked his right to counsel. 931 F.2d at 754-55. In that case,

a police officer read a suspect his *Miranda* rights and questioned him about an unsolved murder. *Id.* at 754. During the questioning, the suspect said, "I think I should call my lawyer." *Id.* The officer pushed a phone toward the suspect, waited, and, when the suspect did not call his attorney, asked "Would you like to talk about it?" *Id.* at 754-55. After his conviction, the defendant filed a petition for a writ of habeas corpus claiming that the officer violated his right to counsel, which the district court denied. *Id.* at 753. On appeal, we reversed, explaining that police officers must cease questioning once an accused requests an attorney, and held that the suspect's statement, "I think I should call my lawyer," was an unequivocal request for counsel. *Id.* at 755. Thus, we held that the officer should have ceased questioning after the suspect said, "I think I should call my lawyer." *Id.*

As an initial matter, we must "look through" to the State Circuit Court's rationale for finding that Jones did not unequivocally request counsel because the Third District Court of Appeal of Florida did not offer a rationale for its decision. *See Wilson*, 584 U.S. at 125, 138 S. Ct. at 1192.

The record supports the district court's determination that the State Circuit Court reasonably concluded that Jones's statement was not an unequivocal request for counsel. Jones expressed uncertainty about whether he wanted to speak with counsel before continuing the interrogation. The record shows that Jones said, "I don't know" three times when he stated, "If you're telling me

somebody [died], I think I need to get an attorney."  This distinguishes Jones's second statement from the suspect's statement in *Cannady* because, unlike the suspect in *Cannady* who simply stated, "I think I should call my lawyer," Jones expressed doubt about whether he wanted to speak with an attorney.  *See Cannady*, 931 F.2d at 754-55.  Because Jones expressed doubt about whether he wanted an attorney, no reasonable police officer would have interpreted Jones's second statement as unequivocally expressing desire for an attorney's assistance.  *See Davis*, 512 U.S. at 458-59, 114 S. Ct. at 2355.

Moreover, here, the officer's subsequent statement supported the state court's decision that the invocation was equivocal.  After Jones stated that "if" someone had died, he thought he might need a lawyer, Detective Grossman clarified Jones's equivocation by stating that he was giving Jones a chance to do whatever he wanted.  Detective Grossman indicated that if Jones wanted to talk to a lawyer, that was fine, but if Jones wanted to keep talking to the officers, Detective Grossman was giving him that opportunity.  Detective Grossman was not inquiring about the murder, but rather, giving Jones an opportunity to unequivocally invoke his *Miranda* rights.  Jones allowed the interrogation to continue.

Thus, we conclude that the district court correctly found that the state courts' rulings were not an unreasonable application of clearly established federal law because Jones's statements were equivocal.  The district court properly concluded that the officers had no obligation to stop questioning Jones, so his statements

24-12763              Opinion of the Court                    9

made during the interrogation were admissible.  Jones is not entitled to relief on this claim.  *See Davis*, 512 U.S. at 458-59, 114 S. Ct. at 2355; *see also Wilson*, 584 U.S. at 125, 138 S. Ct. at 1192.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Jones's §2254 petition.

**AFFIRMED**